UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
Del Rio Division

DONALD MCLEAN AND DM INNOVATIONS, LLC, §
Petitioners §
§
v. § CAUSE NO. 2:21-CV-14
§
PARADIGM SRP, LLC D/B/A §
DRIVETANKS.COM, §
Respondent. §

**NOTICE OF REMOVAL**

TO THE HONRABLE JUDGES OF THE UNITED STATES DISTRICT FOR THE WESTERN DISTRICT OF TEXAS:

DONALD MCLEAN and DM INNOVATIONS, LLC, Petitioners, respectfully file this *Notice of Removal* pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, on the grounds of diversity citizenship, and would respectfully show the Court as follows:

### I. PROCEDURAL BACKGROUND

1. On February 3, 2020, Respondent Paradigm SRP, LLC d/b/a DRIVETANKS.COM, as plaintiff, filed an action against Petitioners, as defendants, in the 38th Judicial District Court of Uvalde County, Texas in the Cause No. 2020-02-33168CV, styled *Paradigm SRP, LLC d/b/a DRIVETANKS.COM v. Donald McLean, DM Innovations, LLC, TP Imports, LLC, Thunder Pumpkin Imports, LLC* (the "State Court Action"), by filing *Plaintiff's Original Petition*, attached hereto as Exhibit A. Respondent seeks monetary relief of more than $200,000.00, including direct damages of $149,500.00. *See* Exhibit A, paragraphs 2, 36.

2. On February 4, 2020, the District Clerk for Uvalde County issued *Citation* to each of the four named defendants in the State Court Action, attached hereto as Exhibit B.

1

3. On February 27, 2020, Respondents filed *Proof of Service* in the State Court Action, where Respondent's counsel of record attempted to effect service upon two of the named defendants by signing a certification and attaching United States Postal Service return receipts showing delivery to an alleged registered agent, attached hereto as Exhibit C.

4. On March 4, 2021, more than a year later, Respondent filed *Proof of Service by Process Server*, where counsel for Respondent certified he personally served copies of *Citation* and *Plaintiff's Original Petition* through a licensed process server to "Donald McLean III" and "DM Innovations, LLC", attached hereto as Exhibit D. Although he attached affidavits concerning all four named defendants in the State Court Action, he only attached court-prepared officer's returns concerning Petitioners Donald McLean and DM Innovations, LLC. *See id.*

5. No further proceedings have been taken in the State Court Action.[1]

## II. FACTUAL BACKGROUND

6. This case arises from attempted importation of military tank from Poland to Texas. *See* Exhibit A.

7. Thunder Pumpkin Imports, LLC and TP Imports, LLC, named defendants in the State Court Action, were never organized as a business entities within the Commonwealth of Pennsylvania or any jurisdiction. *See* Exhibit E, pages 1, 2 and 6-15. Thunder Pumpkin Imports and TP Imports exist only as a fictitious name for a third-party limited liability company, who has not been served or named in the State Court Action. *See* Exhibit E and A.

8. Petitioner McLean, in his individual capacity, and as an authorized representative of Petitioner DM Innovations, LLC, contests the assertion he received personal service of each *Citation* and *Plaintiff's Original Petition* as alleged by Respondent. *See* Exhibit E, pages 1 and 2.

---

[1] The parties agreed to extend the named defendants' deadline to answer or make an appearance until April 23, 2021, in the State Court Action.

9. Petitioner McLean is clinically blind and, notwithstanding his efforts, due to his disability, has and had great difficulty reading. *See* Exhibit E, pages 1, 2, and 5. Due to his disability, several weeks expired before Petitioner McLean became aware of the substance or nature of the State Court Action against Petitioners. *See id.*[2]

10. Since learning of the nature of the State Court Action, Petitioners have diligently sought to defend themselves, retain local counsel, and obtain copies of filings from the Uvalde County District Clerk. Petitioners do not bring this removal action for purposes of delay or harassment.

### III. GROUNDS FOR REMOVAL

11. The United States District Court, pursuant to diversity jurisdiction, has jurisdiction in this matter. Petitioners request this matter to be removed on the grounds that complete diversity of citizenship exist between Respondent and each and every Petitioner. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a), which states:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title as plaintiff and citizens of a State or of different States.

28. U.S.C. § 1332(a).

12. Here, Petitioners request removal in this case pursuant to subsection (1), "citizens of a different state…." *Id.*

---

[2] Respondent's purported service of process would not be in compliance with the rules of procedure for the Commonwealth of Pennsylvania. *See* Pa. R. Civ. Proc 400. Under Pennsylvania rules, Petitioner McLean understood a private process server could not deliver original court process of such an action. Pursuant to rule 400 of the Pennsylvania Rules of Civil Procedure, only the sheriff of the county where an individual or entity is situated can serve original process. *See id.* Defendants were not served by the sheriff of Cumberland County, Pennsylvania. *See* Exhibits C and D.

13. Respondent, a business entity, has its principal place of business in Texas and is organized under the laws of the State of Texas. *See* Exhibit A, paragraph 4.

14. Each Petitioner either resides in or was organized under the laws of the Commonwealth of Pennsylvania; thereby, establishing complete diversity in and between each Petitioner and Respondent. *See* Exhibit E.

15. *Plaintiff's Original Petition* alleges that Respondent is due a sum in excess of $149,5000.00 pursuant to a claim of breach of contract. *See* Exhibit A, paragraphs 2, 36. The amount of damages alleged is greater than the statutory requirement of $75,000.00 prescribed by 28 U.S.C. § 1332(a); thereby establishing original jurisdiction with this Court, and making this case removable to the United States District Court. *See* 28 U.S.C. § 1332(a).

16. Both Petitioners join in this request for removal. For purposes of removal Petitioner McLean, a principal of DM Innovations, LLC, being so empowered, consents on behalf of each Petitioner to the removal.

**A. Petitioners' Request for Removal in This Matter is Timely pursuant to 28 U.S.C. § 1446(b).**

17. Respondent failed to properly serve Petitioners in the State Court Action and, thus, the thirty-day time period to seek removal to this Court has not begun to run. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350-357 (1999); 28 U.S.C.A. § 1446. Therefore, Petitioners' removal in this case is timely.

18. On February 27, 2020, Respondents filed *Proof of Service* in the State Court Action, but this attempted service is deficient on its face because it was not completed by a "disinterested" person as required by rule 108 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 108; Exhibit C.

19. Similarly, Respondent's *Proof of Service by Process Server*, filed in the State Court Action on March 4, 2021, was filed with the Court by Respondent's Counsel. *See* Tex. R. Civ. P. 108; Exhibit D.

  i. <u>*Alternatively, removal is timely as not all Defendants have been served.*</u>

20. In the alternative, if the court finds one or both Petitioners were served more than thirty days before this removal, removal is still proper and, either, timely or the delay was for good cause and leave of the procedural deadline is hereby requested and appropriate.

21. "The Court notes that the [Federal Courts Jurisdiction and Venue Clarification Act of 2011] in amending § 1446 did make some changes to pre-existing law—namely codifying the "last-served" rule in § 1446(b)(2)(C) for determining the timing for when multiple defendants who were served at different times may remove. *Penson Fin. Serv., Inc. v. Golden Summit Investors Group, Ltd.*, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012) (noting this was not an issue before that Court); *see* FEDERAL COURTS JURISDICTION AND VENUE CLARIFICATION ACT OF 2011, PL 112-63, December 7, 2011, 125 Stat 758. Removal still can be proper if not all named defendants have been properly joined and served. *See Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020).

22. Respondent attached four affidavits to its March 4, 2021 *Proof of Service by Process Server*, each alleging service on Petitioner Donald McLean, either as an individual defendant, or as a company officer of a named Defendant. *See* Exhibit D.

23. In contrast, Petitioner McLean asserts the only one *Citation* was delivered by, ostensibly, a United Parcel Service employee as a parcel. *See* Exhibit E, pages 1-2.

24. Since learning of the nature of the State Court Action, Petitioners have diligently sought to defend themselves, retain local counsel, obtain copies of filings from the Uvalde County District Clerk. Petitioners do not bring this removal action for purposes of delay or harassment.

**B. Consent to Removal**

25. As all Petitioners consent to removal and the remaining named defendants are fictious, removal of this action is complete. *See Penson Fin. Servs., Inc. v. Golden Summit Invs. Grp., Ltd.*, No. 3:12-CV-300-B, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012) (citing 28 U.S.C.A. § 1441(b)); Exhibit E.

### IV. CONCLUSION

26. Petitioners respectfully request this matter be removed from the 38th Judicial District of Uvalde County, Texas, to the United States District Court for the Western District of Texas pursuant to diversity of citizenship. The Notice of Removal is with the consent of all named Petitioners and timely filed, pursuant to 28 U.S.C. § 1446(b) and Texas law. *See* 28 U.S.C. § 1446(b); Tex. R. Civ. P. 108; Exhibits A and B. Therefore, removal of this action is proper, and this action should proceed before this Court.

### PRAYER FOR RELIEF

Petitioners DONALD MCLEAN and DM INNOVATIONS, LLC, pray the Court accept jurisdiction over the State Court Action for the reasons set forth herein, and grant any other such relief that they may show themselves entitled to.

Respectfully submitted,

JOHNSON, CHRISTOPHER, JAVORE
    & COCHRAN, INC.
5802 N.W. Expressway
San Antonio, Texas 78201
(210) 733-6235  Telephone
(210) 733-0374  Facsimile

By:    */s/ Nicholas J. Tamsma*
       Nicholas J. Tamsma
       State Bar No. 24093239
       nick@jcjclaw.com

       ATTORNEY FOR PETITIONERS DONALD
       MCLEAN AND DM INNOVATIONS, LLC

## CERTIFICATE OF SERVICE

I hereby certify the foregoing document was served on the following counsel this 22 day of April 2021, pursuant to rule 5 of the Federal Rules of Civil Procedure and via email, and filed in the State Court Action described above:

Daniel Carsey
dcarsey@hallestill.com
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
100 N. Broadway Ave., Suite 2900
Oklahoma City, Oklahoma 73102
Counsel for Paradigm SRP, LLC d/b/a Drivetanks.com

*/s/ Nicholas J. Tamsma*
Nicholas J. Tamsma