UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION



| | |
|---|---|
| PARADIGM SRP, LLC D/B/A DRIVETANKS.COM, Plaintiff, § § § § § § § § § § | |
| v. | Civil Action No. DR-21-CV-0014-AM |
| DONALD MCLEAN, DM INNOVATIONS, LLC TP IMPORTS, LLC, THUNDER PUMPKIN IMPORTS, LLC, Defendants. | |

## ORDER

Before the Court is the Plaintiff's Motion for Remand and Brief in Support. (ECF No. 10.) Upon review, the motion is **GRANTED**.

### I. BACKGROUND

The Plaintiff, a Texas company, filed suit in Texas state court in February 2020 against the Defendants, all residents of Pennsylvania, alleging a breach of contract claim arising out of a failed transaction to buy and import a tank to Texas from Europe. (ECF No. 1-1 at 2-4, 7.) Despite receiving payments from the Plaintiff, the Defendants apparently failed to deliver the tank. (*Id.* at 7.) The Plaintiff seeks $149,500.00 in damages—the amount allegedly paid to the Defendants for the tank. (*Id.*)

Every Defendant was served by a Pennsylvania Constable ("Constable") on March 1, 2021. (ECF No. 1-4 at 2-5.) On April 22, 2021, Defendants Donald McLean ("McLean") and DM Innovations, LLC ("DM Innovations") removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1 at 1.) The Plaintiff now moves to remand this case back to state court, arguing that the removal was untimely. (ECF No. 10.)

## II. APPLICABLE LAW

A defendant may remove an action from state to federal court if the case originally could have been brought in federal court. 28 U.S.C. §§ 1441(a)-(b). A federal district court has original jurisdiction over an action between citizens of different states if the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Thus, a state case involving citizens and corporations from different states can be removable. 28 U.S.C. § 1441. The removing party, however, *must* remove the case within 30 days of service—if it does not, it loses the right to removal. 28 U.S.C. § 1446(b)(1); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). That 30-day period can be triggered in several ways—one of which is simultaneous service of the summons and petition. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

Once a case is removed to federal court, a plaintiff has 30 days to move to remand the case because of any defect in the removal procedure other than subject matter jurisdiction. 28 U.S.C. § 1447(c). Removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002). When a party advances a motion to remand, the party who removed the case bears the burden to show that removal was not procedurally defective. *BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 470 (5th Cir. 2012).

## III. ANALYSIS

The Plaintiff argues that the Court should remand this case because McLean's and DM Innovation's Notice of Removal, (ECF No 1), was untimely. (ECF No. 10.) McLean and DM Innovations assert several arguments in response, including, *inter alia*, that they were not properly served—so the 30-day period never began to run—that the parties had an agreement to extend the

30-day period for removal,[1] and that their untimely notice should be excused because of McLean's disability.[2] (ECF No. 13 at 3.)

**A. Timeliness**

As an initial matter, neither party disputes that the Constable personally handed McLean both the summons and the petition on March 1, 2021 or that McLean and DM Innovations filed their Notice of Removal on April 22, 2021. (ECF No. 1.) McLean and DM Innovations dispute whether the service by the Constable was proper. *See infra*, (ECF No. 13 at 4-9.) But if it was proper, then the 30-day period began to run that day, March 1, the deadline to remove was March 31, 2021, and the Notice of Removal—filed April 22, 2021—was untimely. 28 U.S.C. § 1446(b)(1); *Brown*, 792 F.2d at 481.

**B. Service**

This analysis thus turns on whether the Constable's service was proper. A defendant is not obliged to engage in litigation unless he is notified of the action, and subjected to a court's authority, by formal process. *Murphy Bros., Inc.*, 526 U.S.C. at 347. To determine whether service was proper, a court looks to the forum state's law. *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). Here, as the case was filed in Texas

---

[1] This argument fails—parties may not extend the 30-day period for removal. Even if they could, the alleged "agreement" lacks any reference to removal or to the 30-day period to do so. (ECF No. 13-1 at 2); *see also Bell, Nunnally & Martin, P.L.L.C. v. Shaffer*, No. Civ. 3:99CV2701H, 2000 WL 54384, *2 (N.D. Tex. Jan. 21, 2000) (granting remand despite the defendant's argument that the parties agreed to extend the deadline to remove, pointing to the lack of cited authority in support and the absence of any reference to removal or that deadline in the purported agreement).

[2] McLean and DM Innovations make several other arguments regarding service on the two other defendants, whether those defendants are fictitious entities, whether they are improperly joined, etc., and how these circumstances affect removal. (*See, e.g.*, ECF No. 5.) As this motion is confined to McLean's and DM Innovation's Notice of Removal, which does not involve the other named defendants, those arguments are irrelevant and will not be addressed.

3

state court, Texas law applies. In Texas, when a defendant is a nonresident, "notice may be served by *any* disinterested person who is not less than eighteen years of age . . ." TEX. R. CIV. P. 108 (emphasis added). As long as that disinterested person delivers the citation and petition to the defendant in person, the service is proper. TEX. R. CIV. P. 106(a)(1).

The Constable served McLean in person with both the citation and the original petition for himself and for DM Innovations on March 1, 2021. (ECF No. 1-4 at 3-4, 6-7.) In the Constable's affidavit, he swore he was over 18 years old, not a party, and not interested in the case. (*Id.* at 3-4.) While McLean and DM Innovations dispute whether the Constable can legally serve them, they do not dispute that he physically did. (ECF No. 13 at 4.) Texas law is satisfied.

McLean's and DM Innovation's argument against proper service centers around the idea that a constable is not allowed to enact service under Pennsylvania law. (*Id.* at 7.) But their argument misses the point—Pennsylvania law does not apply. As the forum state, Texas law, which allows service on a nonresident by *any* disinterested person, does. TEX. R. CIV. P. 108. They also argue that Rule 108 conflicts with Rule 103—stating who is authorized to enact service in Texas—and that Rule 103 "should be viewed as the determining rule." (*Id.* at 6 n.3); *see* TEX. R. CIV. P. 103. But no such conflict exists—Rule 108 governs service out of state. The Constable is allowed to enact service.

Neither McLean nor DM Innovations dispute that they were physically served by the Constable. (*See* ECF Nos. 13 at 4; 1-5 at 1-2.) They admit that the Constable personally served McLean, for both himself and for DM Innovations, with copies of the petition and citation. (ECF No. 13 at 4-5.) They do not argue that McLean could not accept service for DM Innovations. (*Id.*) Beyond their issue with the Constable, they only dispute whether McLean could accept service for the other two defendants. (*Id.* at 5.) As those two defendants did not remove this suit nor consent

or join in the removal, whether they were properly served is not relevant to the present motion. Since the Constable could and did enact service on McLean and DM Innovations on March 1, 2021, the 30-day period to remove began running on that day.

## C. Excused Untimeliness

McLean and DM Innovations seem to argue that, even if the service was proper, their late removal should be excused on the basis of equity. (*Id.* at 3) (arguing that McLean's blindness prevented him from "more diligently obtaining counsel"). The Plaintiff responds that McLean's blindness did not prevent him from contacting the Plaintiff's counsel two days after being served. (ECF No. 10 at 3) (initial phone call acknowledging suit); (ECF No. 18 at 1.) Nor did it prevent him from speaking to counsel again the next day. (ECF No. 10 at 4.) By his own admission, McLean was aware of the suit 15 days after service. (ECF No. 1-5 at 1.) That still leaves at least 15 days to remove.

In some circumstances, the 30-day period to remove a case can be tolled for reasons of equity. *Brown*, 792 F.2d at 481. No such reasons exist here though. While the Court is sympathetic to McLean's condition, any delay in obtaining counsel has no bearing on his own ability to remove the case before the deadline passed. His condition does not, on its own, represent an equitable reason to extend the deadline to remove. *See Bosky*, 288 F.3d at 211 (stating that any doubts about the appropriateness of removal are resolved in favor of remand).

## IV. CONCLUSION

Accordingly, the Plaintiff's Motion for Remand and Brief in Support, (ECF No. 10), is **GRANTED**.

SIGNED and ENTERED on this 4th day of March 2022.

_____
ALIA MOSES
United States District Judge